[No. 1543.]

RUFFENACH ET AL. v. RUFFENACH.

1. DIVORCE—ALIMONY—APPELLATE PRACTICE.

On appeal from an interlocutory judgment awarding alimony *pendente lite*, the question as to whether or not there was a sufficient showing on which to base the interlocutory order will not be considered, where it appears the case has proceeded to final decree of divorce with a judgment for permanent alimony.

2. SAME.

An interlocutory judgment awarding temporary alimony will not be disturbed on appeal, whether or not it was based on a sufficient showing, where it appears the case has proceeded to final decree of divorce with a judgment for permanent alimony, not appealed from, which provides that the amount of temporary alimony if paid shall be credited on the judgment for permanent alimony, as appellant is totally unharmed by the judgment for temporary alimony.

*Appeal from the District Court of Boulder County.*

Mr. CHAS. M. CAMPBELL, for appellants.

Mr. ALPHEUS WRIGHT and Messrs. IVES & HOUSTON, for appellee.

BISSELL, J.

This appeal questions the rightfulness of a decretal order giving Sarah Ruffenach temporary alimony in the suit for divorce which she brought against her husband. The case is peculiarly presented and must necessarily be viewed by this court in a somewhat different light from that in which it would appear were it the only matter presented in the case. Since examining the record we quite understand the position of counsel for the appellant who insisted on the argument that this appeal should be first heard, and heard alone, and determined by itself without regard to the other appeal in 1593, between the same parties. We are wholly unable to separate them either in consideration or in reaching a result, nor do we believe we would have a right to do so, nor that we would be justified in reversing a case on the ground urged on our attention in the light of the other judgment. The truth is ,the two cases are one. The present appeal only concerns the interlocutory order granting temporary alimony. The other, which is No. 1593, attacks the final judgment entered in the divorce suit. From that record it appears the cause was tried before a jury according to the statute and a verdict rendered against Anton which was followed by a final decree of divorce with a judgment for permanent alimony.

The only ground on which the interlocutory order is attacked is the insufficiency of the showing made by the plaintiff to support her application. Counsel say, and the record shows, the application was based on the complaint, the answer, and the replication, and there was no other proof on which the order might rest. Counsel insist that since the

defendant denied all the allegations of the complaint there was no case made by the pleadings on which the application ought either to have been heard or granted.   He contends that if the court is to exercise a discretion, it is a legal discretion and the party making the application must furnish proof on which the court can proceed.   We are quite ready to concede this general doctrine, and under some circumstances might be compelled to determine whether in fact a case was made which authorized the court to act.   In the present situation we are not called on to determine what alimony is, under what circumstances it may be granted, either temporarily or permanently, nor whether a denial by the defendant under oath of all the allegations of the complaint, which in themselves perhaps might entitle the plaintiff to relief, ought to be enough to deter the court from making the order unless the plaintiff should supplement the pleading by further proof.   We regard this as the situation because as the record now stands there is no reason for the reversal of this judgment.   The final decree of divorce entered on the verdict of the jury demonstrates that there was a case on which the court would have had the right to grant temporary alimony.   The plaintiff was the wife and brought suit against an erring husband.   He was guilty of that with which he was charged, and under the law was bound to support his wife pending the suit and furnish her the means of carrying it on.   Since this is demonstrated by the final decree we do not believe the court is at liberty to disturb the interlocutory judgment on the hypothesis that there was no basis for its entry.

There is a further consideration which to our minds completely disposes of the appeal.   This is found in the fact that according to the terms of the final decree the court adjudged Anton to pay a permanent alimony in the sum of $1,500. This judgment stands in full force unreversed and unappealed from by him.   He is not here complaining of that decree, and by its very terms the court provided that if he paid the $200 allotted by this order for temporary alimony, it should

be taken as a credit on the sum which he was bound ulti-
mately to pay as a permanent provision for his wife.   Under
these circumstances, the appellant is totally unharmed, no
injury comes to him from the enforcement of this judgment,
the decree shows that it ought to have been entered, it sup-
ports the discretionary order which the court made, shows it
was entirely justified in making it, and relieves us of any
necessity to enter on an argument to support the order as we
might have been compelled to do had there been no final
decree.   Substantial justice was done between the parties.
When this money is paid it is a credit on the permanent
allowance, and under these circumstances we do not believe
it is our duty, or that we have the right to disturb the judg-
ment which will accordingly be affirmed.

*Affirmed.*